1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    STEWART MANAGO,

11                    Petitioner,                No. CIV S-08-2857 GEB DAD P

12           vs.

13    JAMES WALKER, Warden,

14                    Respondent.                FINDINGS AND RECOMMENDATIONS

15    _____/

16           Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17    corpus pursuant to 28 U.S.C. § 2254.  On December 31, 2008, the undersigned ordered

18    respondent to file and serve a response to the petition.  On March 2, 2009, respondent filed the

19    pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the

20    Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an

21    opposition to the motion and respondent has filed a reply.

22                                        **BACKGROUND**

23           On October 5, 1993, a Solano County Superior Court jury convicted petitioner of

24    aggravated assault by a prisoner with a weapon.  Pursuant to the jury's verdict, the trial court

25    sentenced petitioner to eleven years in state prison.  On December 16, 1994, the California Court

26    /////

1

1    of Appeal for the First Appellate District affirmed petitioner's judgment of conviction. Petitioner

2    did not seek review with the California Supreme Court. (Pet. at 2 & Resp't's Exs. 1-2.)

3            On November 19, 2007, petitioner filed a petition for writ of habeas corpus in the

4    California Court of Appeal. On December 10, 2007, that court construed the petition as a

5    petition for writ of mandate and denied the petition. On March 10, 2008, petitioner filed a

6    petition for writ of habeas corpus in the California Supreme Court. On August 13, 2008, the

7    court denied the petition. (Pet. at 2, Attach. & Resp't's Exs. 1, 4, 5, 6-8.)

8            On November 13, 2008, petitioner commenced this action by filing a federal

9    petition for writ of habeas corpus. Therein, petitioner acknowledged the untimeliness of his

10   federal habeas petition but claimed that he suffers from mental illnesses and should not be barred

11   from proceeding in this action. (Pet. at 5 & Ex. A.)

12                  **RESPONDENT'S MOTION TO DISMISS**

13   I. <u>Respondent's Motion</u>

14            Respondent has filed a motion to dismiss arguing that petitioner's federal habeas

15   petition is time-barred. Specifically, respondent argues that on December 16, 1994, the

16   California Court of Appeal affirmed petitioner's conviction, causing petitioner's judgment of

17   conviction to become "final" forty days thereafter, on January 25, 1995, after the time for seeking

18   direct review in the California Supreme Court expired. Respondent argues that, because

19   petitioner's conviction predated AEDPA, he had until April 24, 1997, to file his federal habeas

20   petition. (Resp't's Mot. to Dismiss at 3.)

21            Respondent acknowledges that the proper filing of a state post-conviction

22   application challenging a judgment of conviction tolls the one-year statute of limitations period.

23   Here, however, petitioner did not file his first petition for writ of habeas corpus in the state courts

24   until November 2007, many years after the statute of limitations for the filing of a federal habeas

25   petition had expired. Respondent argues that petitioner's filings in state court after the AEDPA

26   /////

statute of limitations expired do not restart the clock at zero or otherwise save petitioner's claims from being time-barred.  (Resp't's Mot. to Dismiss at 3.)

Respondent also rejects petitioner's claim of entitlement to equitable tolling due to his mental illnesses.  Specifically, respondent argues that petitioner can show neither diligence nor that an extraordinary circumstance stood in his way of timely filing his federal habeas petition.  Respondent contends that although petitioner's mental health records show that he has received treatment for mental illnesses in the past, they do not demonstrate that he was so incapacitated that he could not file a federal habeas petition before the AEDPA limitations period expired.  In fact, respondent contends that petitioner's pro se filings and active participation in other cases during the relevant time period belie his claim that he was unable to timely file a federal habeas petition because of his mental condition.  Respondent cites the following examples of petitioner's litigation activities during the relevant time period:

- Manago v. Gomez, Case No. CIV S-93-0794 EJG JFM (E.D. Cal.) (May 28, 1996 [settlement conference]; June 3, 1996 [letter from petitioner regarding settlement docketed]; June 25, 1996 [notice from petitioner that case settled]; July 31, 1996 [stipulation of dismissal by both parties]) (Resp't's Ex. 16.)

- Manago v. White, Case No. CIV S-94-0304 DFL JFM (E.D. Cal.) (July 18, 1996 [opposition to motion for summary judgment]; February 10, 1997 [objections to findings and recommendations]; March 27, 1997 [pretrial statement]; March 31, 1997 [motion for legal documents]) (Resp't's Ex. 17.)

- Manago v. Gomez, Case No. CIV 96-1190 MHP (N.D. Cal.) (December 2, 1996 [opposition to motion for summary judgment])  (Resp't's Ex. 18.)

- Manago v. Gomez, Case No. CIV 96-1615 MHP (N.D. Cal.) (May 1, 1996 [complaint]) (Resp't's Ex. 19.)

Respondent also argues that petitioner demonstrated his ability to file pro se pleadings in the years immediately after the statute of limitations for the filing of a federal habeas petition expired in this case all the way through 2008, thereby undermining any claim from petitioner that he acted with diligence in pursuing habeas relief.  In this regard, respondent cites the following examples:

- In re Stewart Manago, Case No. SWHSS 5084 (San Bernardino County Super. Ct.) (November 25, 2001 [petition for writ of habeas corpus]) (Resp't's Ex. 9.)

- Manago v. Superior Court, Case No. E032629 (Cal. Ct. App.) (October 29, 2002 [petition for writ of mandate]) (Resp't's Ex. 12.)

- In re Stewart Manago, Case No. E031722 (Cal. Ct. App.) (May 28, 2002 [petition for writ of habeas corpus]) (Resp't's Ex. 13.)

- In re Stewart Manago, Case No. S111609 (Cal.) (November 17, 2002 [petition for writ of habeas corpus]) (Resp't's Ex. 14.)

- Manago v. Pliler, Case No. CIV 03-1205 SJO SS (C.D. Cal.) (October 16, 2003 [petition for writ of habeas corpus]; January 20, 2004 [opposition to motion to dismiss]; October 19, 2004 [traverse]; July 10, 2006 [objections to findings and recommendations]) (Resp't's Ex. 20.)

- Manago v. Gomez, Case No. CIV S-98-0903 WBS JFM (E.D. Cal.) (May 18, 1998 [complaint]; September 25, 1998 [opposition to motion to dismiss]; February 1, 1999 [amended complaint]; May 20, 1999 [notice of dismissal of action]) (Resp't's Ex. 21.)

- Manago v. Bissig, Case No. F-98-5542 OWW SMS (E.D. Cal.) (May 20, 1998 [complaint]; June 24, 1998 [motion for voluntary dismissal]) (Resp't's Ex. 22.)

/////

- <u>Manago v. Gularte</u>, Case No. CIV F-99-5525 REC SMS (E.D. Cal.) (April 19, 1999 [complaint]; June 11, 1999 [amended complaint]) (Resp't's Ex. 23.)

- <u>Manago v. Rosario</u>, Case No. S-00-0418 LKK PAN (E.D. Cal.) (February 28, 2000 [complaint]; January 31, 2001 [amended complaint]; March 15, 2001 [motion to compel discovery]; December 7, 2001 [opposition to motion for summary judgment]; April 9, 2002 [motion for reconsideration, notice of appeal]) (Resp't's Ex. 24.)

- <u>Manago v. Pliler</u>, Case No. CIV S-02-0734 MCE JFM (E.D. Cal.) (April 9, 2002 [complaint]; October 29, 2002 [opposition to motion to dismiss]; February 18, 2003 [reply to objections to findings and recommendations]; February 12, 2004 [opposition to motion for summary judgment]) (Resp't's Ex. 25.)

- <u>Manago v. Gomez</u>, Case No. CIV S-03-0407 DFL PAN (E.D. Cal.) (February 4, 2004 [objections to findings and recommendations]) (Resp't's Ex. 26.)

- <u>Manago v. Knowles</u>, Case No. CIV S-04-1712 FCD DAD (E.D. Cal.) (August 20, 2004 [complaint]; December 29, 2004 [amended complaint]; September 12, 2005 [second amended complaint]; January 31, 2007 [opposition to motion to dismiss]; May 10, 2007 [motion to amend]; May 17, 2007 [motion to compel discovery]; June 20, 2007 [objections to findings and recommendations]; August 30, 2007 [motion for reconsideration]; October 5, 2007 [third amended complaint]; November 6, 2007 [opposition to motion to dismiss]) (Resp't's Ex. 27.)

- <u>Manago v. Unknown</u>, Case No. CIV S-06-1946 MCE GGH (E.D. Cal.) (August 28, 2006 [complaint])  (Resp't's Ex. 28.)

1   •     <u>Manago v. Williams</u>, Case No. CIV S-07-2290 LKK KJM (E.D. Cal.)

2         (October 26, 2007 [complaint]; June 5, 2008 [motion for reconsideration];

3   •      June 12, 2008 [objections to findings and recommendations]; November

4         26, 2008 [amended complaint]) (Resp't's Ex. 29.)

5   •     <u>Manago v. Marshall</u>, Case No. CIV 94-1528 MHP (N.D. Cal.) (April 16,

6         1998 [application for reconsideration/notice of appeal]) (Resp't's Ex. 30.)

7   •     <u>Manago v. Gomez</u>, Case No. CIV 95-3504 MHP (N.D. Cal.) (June 28,

8         1996 [motion for temporary restraining order]) (Resp't's Ex. 31.)

9   •     <u>Manago v. Gomez</u>, Case No. CIV 99-4609 MHP (N.D. Cal.) (October 18,

10        1999 [complaint]; February 8, 2000 [amended complaint]) (Resp't's Ex.

11        32.)

12  •     <u>Manago v. Yaz</u>, Case No. CIV 00-0048 MHP (N.D. Cal.) (January 5, 2000

13        [complaint]; July 20, 2000 [motion for defendants' home address];

14        October 10, 2000 [motion for service on defendants]; November 27, 2000

15        [motion to compel discovery]; February 15, 2001 [opposition to motion

16        for summary judgment]; June 21, 2001 [motion for reconsideration])

17        (Resp't's Ex. 33.)

18  •     <u>Manago v. Pliler</u>, Case No. CIV 03-1963 W BEN (S.D. Cal.) (October 2,

19        2003 [petition for writ of habeas corpus]) (Resp't's Ex. 34.)

20        In sum, respondent argues that petitioner's litigation activity during the time the

21  one-year AEDPA statute of limitations was running and immediately thereafter, forecloses any

22  persuasive claim for the application of equitable tolling of the limitations period in this case.

23  Accordingly, respondent concludes that the federal habeas petition pending before this court

24  should be dismissed as untimely.  (Resp't's Mot. to Dismiss at 7.)

25  /////

26  /////

II.  Petitioner's Opposition

          In opposition to respondent's motion to dismiss, petitioner argues that, on March 21, 1994, Dr. Stephen A. Sheppard diagnosed him as suffering from schizophrenia.  Petitioner declares that he has been heavily medicated since 1995 because he hears unwanted voices that make him do "crazy things" at times.  Petitioner argues that his mental illness stood in the way of his timely filing a federal habeas petition before the AEDPA deadline.  Moreover, although he actively participated in other cases during the statute of limitations period, petitioner contends that he paid several jailhouse lawyers to assist him in filing those motions, complaints, and petitions.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3-4, Pet'r's Decl. at 1-3 & Exs.)

III.  Respondent's Reply

          In reply, respondent argues that petitioner has submitted with his opposition copies of his mental health records, but he has not explained how the records prove his incapacitation.  In addition, respondent argues that petitioner's own declaration shows that he was not incapacitated by his mental illness.  For example, respondent contends, petitioner acknowledges that he has participated in the prison mental health program "since March 21, 1994" for "long term benefit."  In addition, respondent notes, petitioner acknowledges that he has taken medication to control his illness "since 1995" and only hears voices and acts "crazy" when he does not take his medication.  Respondent argues that petitioner also concedes that he has participated in "many of the mental health program[s]" and has achieved "partial recovery."  According to respondent, the mere fact that petitioner has received treatment for mental illness does not prove that he was incapable of managing his legal affairs.  Rather, respondent claims, petitioner's active participation in treatment and use of medication indicates otherwise.  (Resp't's Reply at 2.)

          Respondent also reiterates that petitioner's pro se filings and active participation in other cases during the running of the AEDPA statute of limitations period belies his claim that his mental illness prevented him from timely filing his federal habeas petition in this case.

1   Respondent acknowledges that in his opposition, petitioner claims that he paid jailhouse lawyers

2   to help him file complaints and petitions in those other cases due to his "ongoing mental health

3   problems" and lack of education.  However, respondent notes that by his own admission,

4   petitioner received assistance from fellow inmates during the running of the AEDPA limitations

5   period.  In addition, according to respondent, the very fact that petitioner had the presence of

6   mind to approach other inmates about filing petitions and complaints in those other cases as well

7   as the ability to confer with them about his cases and comprehend the issues being raised on his

8   behalf proves that he was not too mentally ill to timely file a federal habeas petition in this case.

9          Finally, respondent argues that although petitioner claimed that he had trouble in

10   the past retaining the assistance of jailhouse lawyers whenever he ran out of money or was

11   transferred to another prison, he obviously did not encounter either of these problems during the

12   running of the AEDPA limitations period as evidenced by his consistent court filings in other

13   cases during the same time period.  In any event, respondent contends, a prisoner's lack of funds

14   and transfers to other prisons do not constitute extraordinary circumstances warranting equitable

15   tolling.  In conclusion, respondent repeats that petitioner's pro se filings in the years since the

16   AEDPA deadline also demonstrate that he has not diligently pursued habeas relief in this case.

17   (Resp't's Reply at 3.)

18                                    **ANALYSIS**

19   I.  The AEDPA Statute of Limitations

20          On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

21   by adding the following provision:

22          (d)(1)  A 1-year period of limitation shall apply to an application
            for a writ of habeas corpus by a person in custody pursuant to the
23          judgment of a State court.  The limitation period shall run from the
            latest of –
24
25                 (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for
26          seeking such review;

       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

     As noted above, on October 5, 1993, a Solano County Superior Court jury convicted petitioner of aggravated assault by a prisoner with a weapon and he was thereafter sentenced to eleven years in state prison. On December 16, 1994, the California Court of Appeal for the First Appellate District affirmed the judgment of conviction and petitioner did not petition the California Supreme Court for review.

     For purposes of federal habeas review, petitioner's conviction therefore became final on January 25, 1995, after the ten-day period for seeking direct review in the California Supreme Court expired. See Cal. Rules of Court 8.500 (formerly Rule 28). Congress subsequently enacted AEDPA on April 24, 1996. Where, as here, petitioner's conviction became final prior to the enactment of AEDPA, the statute of limitations for the filing of a federal habeas petition began to run on April 25, 1996, and expired one year later on April 24, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1245-47 (9th Cir. 2001). Petitioner did not file his federal

1   habeas petition until more than eleven-and-a-half-years later, on November 13, 2008.

2   Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is

3   entitled to the benefit of tolling.

4   III.  Application of § 2244(d)(2)

5           "The time during which a properly filed application for State post-conviction or

6   other collateral review with respect to the pertinent judgment or claim is pending shall not be

7   counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

8   limitations is not tolled during the interval between the date on which a judgment becomes final

9   and the date on which the petitioner files his first state collateral challenge because there is no

10  case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

11  commences state collateral proceedings, a state habeas petition is "pending" during a full round

12  of review in the state courts, including the time between a lower court decision and the filing of a

13  new petition in a higher court, as long as the intervals between the filing of those petitions are

14  "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

15          In this case, petitioner filed two petitions for writ of habeas corpus in the state

16  courts challenging his 1993 conviction.  However, petitioner did not file his first state habeas

17  petition until November 19, 2007, long after the statute of limitations for the filing of a federal

18  petition had expired.  It is well established that "section 2244(d) does not permit the reinitiation

19  of the limitations period that has ended before the state petition was filed." Fergusen v.

20  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Accordingly, by the time petitioner filed his

21  federal petition on November 13, 2008, the AEDPA statute of limitations had long-since expired,

22  rendering petitioner's federal habeas petition time-barred.

23  IV.  Equitable Tolling

24          The United States Supreme Court has held that, "a litigant seeking equitable

25  tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

26  diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo,

1  544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming

2  without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that

3  "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might

4  otherwise prevent a good faith litigant from having a day in court."  Harris v. Carter, 515 F.3d

5  1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations

6  will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002);

7  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas petitioner seeking

8  equitable tolling must show that the extraordinary circumstances alleged were the "but for" and

9  proximate cause of the untimely filing of his federal petition.  Bryant v. Ariz. Atty. Gen., 499

10  F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

11          Here, petitioner has not demonstrated that some extraordinary circumstance stood

12  in his way of timely filing his federal petition.  Petitioner has submitted to the court copies of his

13  medical records, which indicate that he was diagnosed with schizophrenia as early as 1994 and

14  has consistently received mental health treatment, including medication and therapy sessions

15  while incarcerated.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss Ex. A.)  To be sure, a mental

16  illness can represent an extraordinary circumstance.  See Laws v. Lamarque, 351 F.3d 919, 923

17  (9th Cir. 2003); Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir

18  1998) (en banc) (A "putative habeas petitioner' s mental incompetency [is] a condition that is,

19  obviously, an extraordinary circumstance beyond the prisoner's control," so "mental

20  incompetency justifies equitable tolling.").  However, not every mental illness automatically tolls

21  the statute of limitations.  In this case, petitioner has not demonstrated that his schizophrenia

22  prevented him from timely filing his federal habeas petition.  For example, petitioner has not

23  alleged how his mental illness or any side effects of his medication rendered him incapable of

24  bringing this action within the statute of limitations period.  In this regard, petitioner has not

25  established, nor does the record reflect, a causal link between petitioner's mental illness and his

26  delay in filing his federal habeas petition.  See Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th

Cir. 2005) (upholding a finding that equitable tolling was inapplicable where prisoner failed to show causal connection between physical and mental disabilities and inability to timely file petition), modified on other grounds by, 447 F.3d 1165 (9th Cir. 2006). See also, e.g., Jones v. Marshall, No. CV 09-0233 GHK (JTL), 2009 WL 2189892 at *9 n.13 (C.D. Cal. July 17, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to establish that his mental condition was the "but for" cause of his failure to timely file a federal habeas petition); Wright v. Felker, No. 08-cv-2255 JM (PCL), 2009 WL 1396406 at *6-9 (S.D. Cal. May 18, 2009) (rejecting claim for equitable tolling based on alleged mental illness because petitioner failed to present medical evidence detailing his mental condition during the statute of limitations period).

Moreover, petitioner's numerous filings in federal court during the running of the AEDPA statute of limitations period contradict his current claim that his mental illness rendered him incapable of timely filing a federal habeas petition. Petitioner's filings and conduct in this regard reflects that petitioner's thought process was coherent and rational. Moreover, even if petitioner enlisted his fellow inmates or jailhouse lawyers to assist him, his own admission to this effect shows that he was capable of understanding and pursuing his legal rights. See Gaston, 417 F.3d at 1034-35 (finding no clear error that petitioner was not entitled to equitable tolling based on physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the same alleged disabilities). See also, e.g., Morgan v. Mitchell, No. C 07-6477 CRB (PR), 2008 WL 5234253 at *4 (N.D. Cal. Dec. 15, 2008) (rejecting claim for equitable tolling based on alleged mental illness because petitioner was able to file a habeas petition in state court and several other petitions and motions in state court during the running of the statute of limitations period); Terry v. Wong, Civil No. 06cv1669 BTM (BML), 2007 WL 2601434 at *11 (S.D. Cal. Sept. 6, 2007) (rejecting claim for equitable tolling based on alleged mental illness because petitioner was able to file a habeas petition in state court thirty-two days into the AEDPA limitations period and monitor the status of his filing by sending correspondence to his

appellate counsel and seeking assistance from his "jailhouse lawyer" after months had passed without a court ruling).

Finally, petitioner did not file his federal habeas petition until more than eleven-and-one-half-years after the AEDPA statute of limitations for doing so had expired. According to the exhibits submitted by petitioner, he has continually suffered from schizophrenia since at least 1994. However, as noted above, petitioner's participation in state and federal litigation not only during the running of the statute of limitations period but also in the ensuing years, through 2008, demonstrate that he was capable of pursuing his rights diligently but chose not to do so where his federal habeas corpus claims were concerned. See Pace, 544 U.S. at 419 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation"). Accordingly, under the circumstances of this case, the court concludes that petitioner is not entitled to equitable tolling.

For the reasons discussed above, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

**CONCLUSION**

IT IS HEREBY RECOMMENDED that:

1.  Respondent's March 2, 2009 motion to dismiss (Doc. No. 15) be granted; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: November 2, 2009.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:9
    mana2857.157

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26