IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

    Petitioner,                    No. CIV S-08-2857 GEB DAD P

    vs.

JAMES WALKER, Warden,

    Respondent.                  ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for reconsideration of the judgment in this case.

**PROCEDURAL HISTORY**

        On November 3, 2009, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be granted. The parties were given twenty days to file and serve any objections to the findings and recommendations. On December 23, 2009, having not received objections from either party, the court reviewed the file and found the findings and recommendations to be supported by the record and by the magistrate judge's analysis. The court adopted the findings and recommendations in full, granted respondent's motion to dismiss, and closed this action.

**PETITIONER'S MOTION FOR RECONSIDERATION**

        In his motion for reconsideration, petitioner moves the court to re-open this case because he allegedly encountered circumstances that prevented him from filing objections to the assigned magistrate judge's findings and recommendations. Specifically, petitioner explains that, on October 9, 2009, he was transferred from California State Prison, Sacramento to the California Correctional Institution. According to petitioner, prison officials left his legal property in storage at California State Prison, Sacramento. In petitioner's view, he needed his legal

1

property to respond to the magistrate judge's findings and recommendations. Accordingly, petitioner submitted an inmate appeal to California State Prison, Sacramento, asking for the return of his legal property. Petitioner also attests that, on or about December 17, 2009, he sent a letter to the court requesting a continuance in this matter in light of the above circumstances. (Pet'r's Mot. & Decl. at 1-4.)

Respondent has not opposed or otherwise responded to petitioner's motion.

### DISCUSSION

The court has construed petitioner's motion as one brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The United States Court of Appeals for the Ninth Circuit has cautioned that Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)). In this regard, "a party seeking to reopen a case under Rule 60(b)(6) must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." Id. (internal quotations omitted)

In this case, the court's records do not reflect petitioner's request for a continuance in this matter due to the circumstances he allegedly encountered regarding his legal

property. In fact, the court did not receive any filings from petitioner from the time the assigned magistrate judge issued findings and recommendations to the time the court entered judgment in this case. However, "[Rule 60(b)] is remedial in nature and thus must be liberally applied." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002) (en banc).

Under the circumstances of this case, and in the interest of justice, the court finds that petitioner is entitled to relief under Rule 60(b)(6) because it appears that he may have encountered circumstances beyond his control that prevented him from diligently prosecuting this action. Accordingly, the court will grant petitioner's motion under Rule 60(b)(6), direct the Clerk of the Court to re-open this case, and grant petitioner twenty-one days to file objections to the assigned magistrate judge's findings and recommendations. Respondent may file a reply to petitioner's objections within fourteen days of service of the objections.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration construed as a motion pursuant to Rule 60(b)(6) (Doc. No. 26) is granted;

2. The Clerk of the Court is directed to re-open this case; and

3. Petitioner shall file and serve any objections to the assigned magistrate judge's November 3, 2009 findings and recommendations within twenty-one days of the date of service of this order. Respondent shall file and serve a reply, if any, within fourteen days thereafter.

Dated: May 7, 2010

GARLAND E. BURRELL, JR.
United States District Judge